EFIGENIO CHARNECO, Plaintiff and Appellant *v.* ANTONIO MÉNDEZ, Defendant and Appellee.

No. 9238. Argued December 26, 1945.—Decided January 14, 1946.

*José Veray, Jr.,* for appellant.   *Inés Acevedo de Campos* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

Efigenio Charneco brought an action of unlawful detainer against Antonio Méndez, to recover the possession of a 2-acre (*cuerdas*) parcel of land situated in the ward (*barrio*) of Mamey, in the municipal district of Aguada.   On August 21, 1944, while said action was pending, Charneco brought, in the District Court of Aguada, a suit for injunction, alleging that he was the owner of a property of 17.25 acres, which included the 2-acre parcel with a house thereon, occupied by the defendant Méndez, it being the same parcel involved in the action of unlawful detainer; and that the defendant, without any title or right whatsoever, was entering upon plaintiff's property, cutting down trees, and gathering for his benefit coffee grown there.   After setting forth the usual allegations regarding irreparable injury, multiplicity of suits, and lack of an adequate legal remedy, the plaintiff prayed for the issuance of an injunction restraining the defendant from continuing to commit the acts complained of and ordering him to refrain from disturbing the plaintiff in the possession of the property.   The defendant specifically denied the essential averments of the complaint and on the contrary alleged—

That for the preceding five years he had been in posession of a 31-acre property which included the 17-acre tract described in the complaint and that his possession had always been public, peaceable, continuous, and actual.

That he held possession of a 2-acre parcel and was the owner of the house which stood thereon, as he had built it.

That as possessor of the 31-acre property for the preceding five years, he had cultivated, planted, and improved it, building thereon a house for his family; that during the last four years he had gathered the coffee crops and had planted and harvested minor crops therein with the full knowledge and consent of the defendant Charneco, who never made any objection thereto until June 1944, when he began to disturb the defendant in the peaceful possession of the property, causing ditches to be dug in the property and prohibiting the defendant from harvesting the coffee crop.

He further alleged that he would be the one who would suffer irreparable injury if he were refrained from harvesting the coffee crop, which would be lost if not gathered in time; that he was financially responsible and able to meet his obligations at any time; that the conflict existing between the parties as to the right of possession could not be settled in a summary injunction proceeding but must be determined in the proper ordinary action. That the defendant had held and was holding possession of the 31-acre property under a contract entered into with the plaintiff five years previously, whereby the defendant had agreed to cultivate the property and the plaintiff to give the defendant one-half of the coffee and other products yielded by the property; that the contract had been in force for the last five years and, as no time had been fixed for its duration, it should be understood to cover all such time as might be necessary for gathering the growing crops; and that the defendant had made improvements and had incurred expenditures for the cultivation and harvesting of the coffee.

The district court rendered judgment for the defendant and adjudged the plaintiff to pay the costs, plus $150 as attorney's fees.

The plaintiff-appellant urges that the lower court committed manifest error in weighing the evidence.

In the statement of the case and opinion filed by the trial judge, the latter, after summarizing the testimony given by the plaintiff and defendant, respectively, reached the conclusion that. the allegations of the complaint, to the effect that the defendant had unlawfully entered plaintiff's property to harvest the crops, had been controverted by the testimony of the plaintiff himself, who admitted that the defendant had taken charge of the property in order to gather the coffee crops; that during the first two years, the plaintiff had paid the weeding expenses, but that during the last two years such expenses had been paid out of the proceeds of the property, the balance of such proceeds being divided between the plaintiff and the defendant. According to the testimony of the plaintiff, the contract between him and the defendant was entered into in 1940; and it was in June 1944, that the plaintiff for the first time objected to defendant's continuing to gather the crops.

The trial court did not err in finding upon the evidence, that the contract made by the parties to the suit was a share-cropping contract which should be governed by, and. interpreted in accordance with, the provisions of Act No. 76 of May 4, 1931 (Laws of 1931 p. 466), as amended in its § 16 by Act No. 62 of April 25, 1940 (Laws of 1940, p. 446).

From the evidence introduced it does not appear that the parties fixed any definite time for the duration of the contract. This being so, the contract must be understood to cover "all such time as may be necessary to gather and utilize the crops yielded by the whole farm in a year or at one time, even if two or more years are required to secure such crops," according to the provisions of § 3 of the afore-

504

said Act. So long as the harvesting of the crops is pending, the landholder is bound "to maintain the cropper in the peaceful enjoyment of the farm during all the time of the contract." (Subdivision 3, § 5 of the cited Act.)

It is an admitted fact that the plaintiff landholder, in June 1944, served notice on the defendant to vacate the property. The landholder is entitled to demand of the cropper that he vacate the property before the expiration of the contract or before the time established in § 3 of the Act; "but in that case the former shall be obliged to compensate the latter for any damages suffered, and also to pay him such proportionate part of the crops planted as may belong to said cropper, in accordance with an appraisal by experts appointed for that purpose" (§ 11 of the Act). In the absence of compliance beforehand with the requisites of appraisal and payment or guaranty of the value of pending crops, the dispossession of the cropper does not lie. (Section 18, Unlawful Detainer Act, as amended by Act No. 68 of May 8, 1937, Laws of 1936–37, p. 191.) In the case at bar no evidence was introduced to show that the plaintiff had complied with such legal requisites.

The lower court did not err in denying the injunction sought. *Martínez et al. v. Soto,* 32 P.R.R. 559; *Municipality of Comerío v. Rivera,* 34 P.R.R. 393. The remedy provided by the Share Cropping Act is adequate and sufficient for the protection of the plaintiff. See *Alsonso v. Nieves,* 52 P.R.R. 191, 759.

The judgment appealed from should be affirmed.